UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES,           )<br>                           )<br>    Plaintiff,           )<br>                           )<br>    v.                     )<br>                           )<br> KATERINA GIKAS, *et al.*, )<br>                           )<br>    Defendants.          )<br>                           ) | Civil Action No.: 07-1068 (RJL) |

**FEDERAL DEFENDANTS' MOTION TO
STAY CIVIL PROCEEDINGS DURING PENDENCY OF CRIMINAL TRIAL**

Defendants, through undersigned counsel, respectfully moves for a stay of this case until conclusion of the pending criminal trial in which plaintiff is a defendant. Antoine Jones, Register Number, DCDC 241-912, *pro se* in this action ("Plaintiff"), is a pretrial detainee incarcerated at the District of Columbia Jail in Washington, D.C., who presently is pending trial on the charges of conspiracy to possess with intent to distribute cocaine and cocaine base. Plaintiff's trial on these charges is presently set to begin on November 13, 2007. See Criminal Action No. 05-386 (ESH), Docket # 389. On or about June 15, 2007, Plaintiff commenced this action against Katerina Gikas ("Federal Defendant Gikas"), a U.S. Immigration and Customs Enforcement ("I.C.E.") agent and several unidentified I.C.E. agents ("Unidentified Federal Defendants") allegedly involved in searches of an apartment occupied by plaintiff in Largo, Maryland, and of warehouse space rented by plaintiff in Capitol Heights, Maryland. The alleged illegal searches complained of by plaintiff in the case before this Court were undertaken as part of the above criminal prosecution pending trial. Plaintiff has filed numerous pretrial motions to suppress


evidence, including a motion to suppress the evidence obtained in the search of his apartment at 9719 Summit Circle, Apt. 3B, Largo, Maryland, one of the acts described in plaintiff's civil Complaint. Criminal Action No. 05-386 (ESH), Docket # 373. The Court in that case has not yet ruled on this motion to suppress evidence, nor has it made any rulings with regard to the search of warehouse space described in plaintiff's civil complaint.

### Argument

The courts enjoy broad discretion to "grant or deny stays so as to 'coordinate the business of the court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (footnote omitted). The United States recognizes that such discretion "may be abused 'by a stay of indefinite duration in the absence of a pressing need.'" Id. But where, as here, there is a compelling governmental interest in staying the proceedings and the request for a stay is specifically tailored to protect that interest, the granting of a stay is appropriate. As the courts have recognized:

> There is a clear-cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial . . . . The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962), cert. denied, 371 U.S. 955 (1963).[1] In

---

[1] This case has been consistently cited with approval. See e.g., Gordon v. FDIC, 427 F.2d 578, 580 n.5 (D.C. Cir. 1970); McSurely v. McClellan, supra, 426 F.2d at 671 n.49; Founding Church of Scientology of Washington, D.C., Inc. v. Kelley, 77 F.R.D. 378, 380-812 and n.4 & 5 (D.D.C. 1977); Capital Engineering & Mfg. Co., Inc. v. Weinberger, 695 F. Supp.

deciding a motion for a stay of civil proceedings pending disposition of a criminal prosecution on related matters, "a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases." Id.

Plaintiff is requesting relief in the form of an "internal investigation on these I.C.E. agents" as well as money damages in the sum of $1,000,000. *Pl. Compl*. at 4.  The facts alleged in his Complaint are the subject of an ongoing criminal prosecution and pending trial. Of particular relevance here is the proscription against pre-trial discovery of statements of a governmental witness.  Criminal discovery rules generally preclude the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500.  See Fed. R. Crim. P. 16(a)(2).  Section 3500, in turn, provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States, which was made by a Government witness or prospective Government witness (other than a defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500.  In short, the statements of government witnesses or prospective government witnesses are not discoverable prior to trial.

The boundaries of criminal discovery established by Rule 16 and 18 U.S.C. § 3500 reflect important public policy considerations and are not subject to waiver.  As the District of Columbia Court of Appeals emphasized in overturning a criminal trial court's expansion of those boundaries in Middleton v. United States, 401 A.2d 109, 117 (D.C. 1979), the bounds of

---

36, 41
(D.D.C. 1988).

discovery established by

> Rule 16 and the Jencks Act . . . represent careful attempts to balance the competing interests of society and the accused in a manner consistent with the objective of truth while being faithful to the mandate of the Constitution, and any venture beyond their limited principles must be subject to close scrutiny.

Middleton, 401 A.2d at 117.  See also United States v. Spagnuolo, 515 F.2d 818, 821 (9th Cir. 1975); Robinson v. United States, 361 A.2d 199, 201 (D.C. 1976) (expedients undertaken to circumvent Rule 16 will not be condoned); United States v. McMillen, 489 F.2d 229 (7th Cir. 1972), cert. denied, 410 U.S. 955 (1973) (protection against the examination and discovery of witnesses prior to trial under Fed. R. Crim. P. 16 and 18 U.S.C. § 3500 is sacrosanct, and breach of those rules by district court in a criminal proceeding entitles government to relief by mandamus).  It was for these reasons that the Fifth Circuit barred civil discovery in Campbell v. Eastland, supra.

The Federal Defendants currently ask only that civil proceeding be stayed until the conclusion of the criminal trial in this case.  The McSurely court, which rejected the notion of a blanket stay without a limited time factor, implicitly sanctioned this kind of limited stay: "in the present case, we have no indication that the District Court considered the possibility of more narrowly framed protective orders -- as, for example, to stay discovery procedures only until the taking of evidence is concluded in the criminal cases . . . ."  McSurely v. McClellan, supra, 426 F.2d at 672.

In sum, "civil discovery may not be used to subvert limitations on discovery in criminal cases, either by the government or by private parties."  McSurely v. McClellan, supra, 426 F.2d at 672.  See also, Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 380 (D.D.C. 1977)

("improper to allow plaintiffs to obtain documents in a civil case to be used in a related criminal proceeding"). The integrity of the criminal process would be directly compromised if persons under indictment were permitted to subvert the express limitations of Rule 16(a)(2) by filing civil actions and then taking discovery regarding the government's evidence. "Judicial discretion and procedural flexibility should be used to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." Campbell v. Eastland, supra, 307 F.2d at 487. A grant of the requested stay here is, therefore, appropriate. See, United States v. Mellon Bank, 545 F.2d 869, 873 (3d Cir. 1976); McSurely v. McClellan, supra, 426 F.2d at 672; Campbell v. Eastland, 307 F.2d at 487-490; Founding Church of Scientology v. Kelley, supra, 77 F.R.D. at 380-381.

Conclusion

For the foregoing reasons the United States requests that the Court stay this case pending conclusion of the criminal trial set to begin on November 13, 2007.

Respectfully submitted,

_____//_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____//_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                                                                               /s/
                                         _____
ALEXANDER D. SHOAIBI, D.C. BAR # 423587
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Room 4218E
Washington, D.C.  20530
(202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-1068 (RJL) |
| ) | |
| v. ) | |
| ) | |
| KATERINA GIKAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**UPON CONSIDERATION** of defendants' motion to stay civil proceeding during pendency of criminal trial, it is hereby **ORDERED** that the motion is **GRANTED**. Defendants shall respond to Plaintiff's Complaint within thirty days of the conclusion of the trial set for November 13, 2007 in Criminal Action No. 05-386 (ESH).

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.